IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| CURTIS JONES, JR.,<br><br>Plaintiff,<br><br>vs.<br><br>ANN SHEA,<br><br>Defendant. | Cause No. CV 25-56-BU-DLC<br><br><br><br>ORDER |

Plaintiff Curtis Jones Jr. filed a motion for relief from the judgment pursuant to Fed. R. Civ. P. 60. (Doc. 27.) Defendants have responded. (Doc. 28.) The motion is denied.

**I. PROCEDURAL BACKGROUND**

Jones filed his Complaint on June 9, 2026. (Doc. 1.) He then filed an Amended Complaint, which was ordered served on Defendant Ann Shea on September 2, 2025. (Doc. 10.) Shea filed a motion to dismiss on October 30, 2025. (Doc. 16.) After briefing, the motion was granted on January 6, 2026, and judgment was entered. (Doc. 21.) This Court's order of dismissal is the subject of Jones' current motion.

Jones appealed the dismissal to the Ninth Circuit Court of Appeals. (Doc. 23.) The Ninth Circuit determined that the notice of appeal may have been filed too late. It directed Jones either to file a statement explaining why the appeal should

not be dismissed for lack of jurisdiction, or to dismiss the appeal voluntarily. Jones did neither by the court's deadline, so the appeal was dismissed on March 26, 2026. (Doc. 25.) Shortly thereafter, Jones filed a notice of intent to dismiss the appeal. *Jones v. Shea*, Case No. 26-854, Doc. 5.1 (9th Cir. March 31, 2026).

Almost four months later, on July 16, 2026, Jones wrote a letter to this Court that refers to having filed a Rule 60 motion, but none had been filed to that point. (Doc. 26.) His original notice of appeal had mentioned his intention to file a Rule 60 motion, but he never did. (Doc. 23.) He filed the instant motion on July 22, and it includes a photograph of a certificate of service for a Rule 60 motion dated January 20, 2026, and a postal receipt for three packages mailed from California, dated February 6, 2026. (Doc. 27-1.) The Court never received a motion from Jones in February, 2026. The Clerk received Jones' notice of appeal on February 10, which is consistent with the February postal receipt. (Doc. 23.)

In any event, had Jones filed his motion in February, it still would have been too late to be considered by this Court. An exception to the general rule that a district court does not have jurisdiction to grant motions once an appeal has been docketed, *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982), is found in Fed. R. App. P. 4(a)(4). A Rule 60 motion may be considered if it is filed no later than 28 days after the judgment is entered. Fed. R. App. P. 4(a)(4)(vi). The Court never received any motion from Jones when he filed his notice of appeal.

Nonetheless, Jones' motion would not have been timely, if it had been mailed at the time of his notice of appeal, because that was more than 28 days after entry of judgment.

**II. ANALYSIS**

Jones' motion cites several sections of Rule 60 as the basis of his motion: 60(a), 60(b)(1), 60(b)(3)[1], 60(b)(6), and 60(d). (Doc. 27 at 2.) Relying on Rules 60(a) and 60(b)(1), Jones asserts that the Court erred in its interpretation of a court record related to Defendant Ann Shea's prosecutorial immunity. (Doc. 27 at 3.) Under Rules 60(b)(1) and 60(b)(6), Jones contends that the Court improperly relied on extrinsic evidence in considering a Rule 12(b)(6) motion. (Doc. 27 at 3 – 4.) Jones also argues that the Court expanded prosecutorial immunity beyond its proper scope, and foreclosed the factual development required to determine whether Ann Shea was immune. (Doc. 27 at 4.) Citing Rule 60(b)(1), Jones disputes the Court's interpretation of Jones' silence on certain issues in the briefing was a concession. (Doc. 27 at 4.) Finally, Jones relies on Rule 60(b)(6)'s catch-all extraordinary circumstances provision, saying that the underlying alleged injuries of his Complaint justify reopening this matter. Jones asks the Court to vacate its dismissal and reopen the case. (Doc. 27 at 5.) In sum, Jones' motion only disputes legal conclusions reached in the Court's dismissal order.

---

[1] Jones cites this section but makes no argument that Rule 60(b)(3) applies.

Defendants respond point-by-point, to explain how the Court's prior Order either foreclosed the arguments made by Jones, or to show how Jones' arguments are not supported in law. (Doc. 28.)

Though Jones cites Rule 60(a), it is facially inapplicable, because Jones has identified no " clerical mistake or a mistake arising from oversight or omission…in a judgment, order, or other part of the record." "In determining whether a mistake may be corrected under Rule 60(a), 'our circuit focuses on what the court *originally intended* to do.'" *Tattersalls, Ltd. v. DeHaven*, 745 F.3d 1294, 1297 (9th Cir. 2014) (citing *Blanton v. Anzalone,* 813 F.2d 1574, 1577 (9th Cir.1987).) There is nothing to be corrected, in this sense, because the Court's order did what it intended to do. No correction is required.

Jones turns to Rule 60(b), then, which permits district courts to reopen cases after the entry of a final judgment "under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Rule 60 " 'attempts to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice should be done.' " *Waetzig* v. *Halliburton Energy Services, Inc.*, 604 U. S. 305, 309 (2025) (quoting 11 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2851, p. 286 (3d ed. 2012)). The only possible proper sections of Rule

60 that could apply to Jones' claims are Rule 60(b)(1), for a judicial legal error, and Rule 60(b)(6), the catchall provision when no other section applies.

A. Rule 60(b)(1)

A district court may grant relief from a judgment, order, or proceeding pursuant to Rule 60(b)(1) on the grounds of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Rule 60(b)(1)'s "mistake" includes judicial legal errors. *Kemp v. United States*, 596 U.S. 528, 534 (2022).

Jones disagrees with the Court's legal conclusions on several issues. He raises no new legal issues in his Rule 60 motion that were not raised in the briefing previously before the Court, nor has he pointed out some change in the law or new argument that he could not have made previously when briefing the motion to dismiss. There is no reason to reopen this case based on any judicial error.

B. Rule 60(b)(6)

In the alternative, Fed. R. Civ. P. 60(b)(6) grants federal courts broad authority to relieve a party from a final judgment "upon such terms as are just," provided that the motion is made within a reasonable time and is not premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5). *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 (1988).

Jones is not entitled to relief under Rule 60(b)(6) for the following several reasons.

First, Rule 6(b)(1) is available in this situation, despite Jones' failure to

persuade under that provision. Therefore, reliance on Rule 60(b)(6) is inappropriate.

Second, Jones has not identified any extraordinary grounds that would justify relief under this provision. The party "must demonstrate 'extraordinary circumstances which prevented or rendered him unable to prosecute his case;'" that is, "both injury and circumstances beyond his control that prevented him from proceeding with the prosecution or defense of the action in a proper fashion." *Community Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002) (quoting *Martella v. Marine Cooks & Stewards Union*, 448 F.2d 729, 730 (9th Cir. 1971) (per curiam) (internal brackets omitted). *See also Buck v. Davis*, 580 U.S. 100, 123 (2017). Jones has not identified any such circumstances that prevented him from following through on his appeal. In support of his Rule 60(b)(6) argument, Jones states:

> Plaintiff suffered arrest, prolonged incarceration/detention without prompt judicial review, loss of employment, and serious medical deprivation while incarcerated. Dismissal at the pleading stage-without discovery or factual development-precluded any meaningful opportunity to vindicate constitutional rights and results in Manifest Injustice.

(Doc. 27 at 5.) These assertions, in light of Jones' failure to prosecute his appeal, do not amount to extraordinary circumstances that qualify for relief under Rule 60(b)(6).

Third, Jones abandoned his appeal, which is the proper venue to determine

whether the Court's legal conclusions were correct. To obtain relief under Rule 60(b)(6), the party seeking relief must show that his conduct was "faultless." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993). "There must be an end to litigation someday, and free, calculated, deliberate choices are not to be relieved from under Fed. R. Civ. P. 60(b). *Ackermann v. United States*, 340 U.S. 193, 198 (1950).

> [W]e have consistently found reopening inappropriate where, as in *Ackermann*, a movant deliberately terminated the underlying litigation. A decade after *Ackermann*, for example, we held that a Rule 60(b)(6) movant who had "abandoned" his appeal from a denaturalization judgment due to its perceived "small likelihood of ... success" was not entitled to reopening under Rule 60(b)(6) where he could not otherwise demonstrate extraordinary circumstances…More recently, we found reopening inappropriate when a movant had "abandoned any attempt to seek review of" the decision in question.

*BLOM Bank SAL v. Honickman*, 605 U.S. 204, 219 (2025) (internal citations omitted). "Allowing motions to vacate pursuant to Rule 60(b) after a deliberate choice has been made not to appeal, would allow litigants to circumvent the appeals process and would undermine greatly the policies supporting finality of judgments." *Plotkin v. Pac. Tel. & Tel. Co.*, 688 F.2d 1291, 1293 (9th Cir. 1982).

In this instance, Jones appealed this Court's legal determinations, albeit a few days late. He declined his opportunity to explain to the Court of Appeals why it should accept his late appeal, which it may very well have done. Instead, he

belatedly filed a motion to dismiss. Had Jones pursued his appeal, he could have had an appellate determination of whether there were legal errors in this Court's Order. A Rule 60 motion is not a substitution for a proper appeal, especially when one had been filed and Jones had the opportunity to prosecute it "in a proper fashion." Jones has not provided the extraordinary circumstances to justify this Court's revision under Rule 60(b)(6).

Finally, some courts have construed a motion filed after the time for appeal has expired to be untimely. *Ashford v. Steuart,* 657 F.2d 1053, 1055 (9th Cir. 1981) (per curiam) ( "the interest in finality must be given great weight" when the time to appeal has expired, and the district court did not abuse its discretion by denying a Rule 60(b) motion as untimely where the motion was filed after the time to appeal had expired, no reason was suggested for the failure to file a direct appeal, and nothing hindered the appellant's awareness of the court's rulings or the relevant law and facts).

**III. CONCLUSION**

Jones has failed to establish that he is entitled to the extraordinary relief of Rule 60. Accordingly, it is HEREBY ORDERED Plaintiff's motion is DENIED. (Doc. 27.)

DATED this 25th day of September, 2026.

Dana L. Christensen, District Judge
United States District Court